UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:12-00013 |
| | ) | JUDGE CAMPBELL |
| MANILA VICHITVONGSA, et al. | ) | |

MEMORANDUM AND ORDER

Pending before the Court are Defendant Angela Whitson's Motion To Dismiss Count 5 For Lack Of Federal Jurisdiction (Docket No. 239), Defendant Manila Vichitvongsa's Motion To Dismiss Counts One And Five And To Require Mandatory Election Of Offenses Between Counts Two And Four And Counts Six And Eight (Docket No. 243), and Defendant Jessica Parker's Motion To Dismiss Count One Of The Indictment (Docket No. 246). The Court held a hearing on the Motions on December 13, 2012.

Rule 12(b) of the Federal Rules of Criminal Procedure provides that any defense which is capable of determination without the trial of the general issue may be raised by motion before trial. In considering a motion made under Rule 12(b), district courts "may ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." United States v. Craft, 105 F.3d 1123, 1126 (6th Cir. 1997). See also United States v. Jones, 542 F.2d 661, 664-65 (6th Cir. 1976); United States v. Short, 671 F.2d 178, 181-83 (6th Cir. 1981).

For the reasons stated on the record at the hearing, Defendant Angela Whitson's Motion To Dismiss Count 5 For Lack Of Federal Jurisdiction (Docket No. 239) and Defendant Jessica Parker's Motion To Dismiss Count One Of The Indictment (Docket No. 246) are DENIED.

Defendant Manila Vichitvongsa's Motion To Dismiss Counts One And Five And To Require Mandatory Election Of Offenses Between Counts Two And Four And Counts Six And Eight (Docket No. 243) is DENIED as to the request to dismiss Counts One and Five. See United States v. Robinson, 119 F.3d 1205, 1212 n.4 (5th Cir. 1997)(holding that the commercial nexus element in the Hobbs Act is a substantive element of the crime and not "jurisdictional" in the sense that a failure of proof would divest the federal courts of adjudicatory power over the case), cited with approval in United States v. Martin, 526 F.3d 926, 933 (6th Cir. 2008).

With regard to Defendant Vichitvongsa's request for election of offenses between Counts Two and Four and Counts Six and Eight, the Defendant argues that the predicate crimes underlying the Section 924(c) counts at issue are based on identical conduct that occurred simultaneously, and therefore, the counts should be merged. The Government argues, on the other hand, that the counts are not multiplicitous because each predicate offense requires proof of a different set of facts.

The Sixth Circuit has held that separate, predicate offenses that require proof of different facts can support separate convictions under 18 U.S.C. § 924(c):

> Morales Angeles asserts that the testimony at trial established that he only used or displayed a gun on one occasion – when he initially abducted Garcia – and therefore only one, not both, of his convictions under 18 U.S.C. § 924(c) on Counts Three and Five can stand. The district court properly rejected this argument.
>
> > It is well-settled that 'a court may not impose more than one sentence upon a defendant for violations of section 924(c) which relate to but one predicate offense.' United States v. Sims, 975 F.2d 1225, 1233 (6th Cir.1992). However, '[w]e have upheld multiple convictions and sentences under 18 U.S.C. § 924(c)(1) so long as such convictions are based on separate predicate acts.' United States v. Graham, 275 F.3d 490, 519-20 (6th Cir.2001); see also United States v. Burnette, 170 F.3d 567, 572 (6th Cir.1999) ('It is now firmly established that the imposition of separate consecutive sentences for multiple § 924(c)

violations occurring during the same criminal episode [is] lawful.'). The question we must answer then is whether Count Three – use of a firearm in relation to the kidnapping of Garcia – relies on a separate predicate act from Count Five --use of a firearm in relation to the carjacking.

It is clear that when predicate offenses consist of non-identical conduct and are not committed simultaneously, these offenses are separate predicate acts that can support multiple convictions under 18 U.S.C. § 924(c). Compare Graham, 275 F.3d at 520-21 (finding that a drug trafficking offense and a conspiracy to commit crimes against the United States were separate predicate acts since they 'were not committed simultaneously, nor did they consist of identical conduct' and Burnette, 170 F.3d at 572 (upholding two convictions under § 924(c) where 'the kidnapping occurred significantly before, and independent of, the actual bank robbery') with United States v. Johnson, 25 F.3d 1335, 1338 (6th Cir.1994) (en banc) ('[P]ossession of one or more firearms in conjunction with predicate offenses involving simultaneous possession of different controlled substances should constitute only one offense under § 924(c)(1).'). Further, while a temporal gap between predicate offenses may bolster a showing that predicate acts are separate, predicate offenses need not occur at different times in order to support multiple § 924(c) convictions. See United States v. Nabors, 901 F.2d 1351, 1353, 1358-59 (6th Cir.1990) (finding that the predicate offenses of drug trafficking and a crime of violence – either attempted murder of a federal agent or assaulting a federal agent with a deadly weapon – supported two separate § 924(c) convictions, even though the drug trafficking occurred simultaneously, at least in part, with the crime of violence). Rather, the fact that each offense requires proof of facts not required by the other offense appears to be sufficient to show that the predicate acts are separate. Id. at 1358.

In this case, the predicate offenses of kidnapping, which requires proof of the unlawful abduction and holding of a person, and carjacking, which requires proof of the taking of a motor vehicle from a person by force and violence or intimidation, clearly involve different conduct and thus are separate predicate acts. See 18 U.S.C. §§ 1201 & 2119. Accordingly, because Counts Three and Five are based on separate underlying predicate acts, Morales Angeles's conviction on both counts does not violate the Double Jeopardy Clause. The district court did not err in denying Morales Angeles's motion for judgment of acquittal or a new trial made on these grounds.

United States v. Angeles, 2012 WL 1940344, at * 6-7 (6th Cir. May 30, 2012).

The court has also held that the Government may seek a multiple-count indictment for duplicitous counts even though the accused may not suffer two convictions or sentences on that

indictment, and that the appropriate remedy for any Double Jeopardy violation is for the court to merge the convictions at sentencing.  See Ball v. United States, 470 U.S. 856, 865, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); United States v. Throneburg, 921 F.2d 654, 657 (6th Cir. 1990); United States v. Modena, 430 Fed. Appx. 444 (6th Cir. July 14, 2011).  The Defendant has not cited any authority indicating that the Court must require election of counts prior to trial, or that it would be proper to do so under Rule 12 at this stage of the proceedings. Accordingly, Defendant Manila Vichitvongsa's Motion To Dismiss Counts One And Five And To Require Mandatory Election Of Offenses Between Counts Two And Four And Counts Six And Eight (Docket No. 243) is DENIED as to the request for mandatory election of offenses.

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE