UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:12-00013 |
| | ) | JUDGE CAMPBELL |
| MANILA VICHITVONGSA, et al. | ) | |

ORDER

The Court held a status conference in this case on November 29, 2012. At the status conference, the parties discussed certain of their pending pretrial motions. The Court rules on the motions as set forth herein.

Pending before the Court is Defendant Manila Vichitvongsa's Motion To Disclose Pretrial Identification And/Or To Exclude Evidence Of Pretrial Identification (Docket No. 244), and Defendant Jessica Parker's Motion To Disclose Pretrial Identification And/Or To Exclude Evidence Of Pretrial Identification (Docket No. 249). Through the Motions, the Defendants seek disclosure and/or exclusion of evidence regarding pretrial identification of two Asian suspects and two females allegedly made by Dominique Baker. In its Response (Docket Nos. 268, 275), the Government states that there is no pretrial identification information made by Dominique Baker. The Motion is DENIED, as moot, in light of the Government's Response.

Defendant Angela Whitson's Motion For Early Disclosure Of Brady And/Or Giglio Material (Docket No. 240), which has been joined by other Defendants (Docket No. 263), requests disclosure prior to trial of seven separate categories of information based on Brady v. Maryland, 373 U.S. 83 (1963). In its Response (Docket No. 269), the Government indicates that it is aware of its *Brady* and *Giglio* obligations, and will make disclosures 10 days prior to trial. The Motion is DENIED, as moot, based on the Government's Response. To the extent the

Defendants determine that the Government has not complied with its disclosure obligations, they may file an appropriate motion.

Through Defendant Angela Whitson's Motion For A Bill Of Particulars (Docket No. 237), the Defendant seeks specific information regarding an identification made by one of the victims of the June 27, 2011 robbery alleged in the Indictment, as well as specific information regarding the firearms and marijuana growing equipment allegedly stolen in the robbery. In its Response (Docket No. 267), the Government states that it will provide the Defendant with the requested information. At the hearing on November 29, 2012, the Defendant indicated that the Motion was moot in light of the Government's Response. To the extent the Defendant does not receive the requested information, she may file an appropriate motion.

Defendant Angela Whitson's Motion For Severance Of Defendants (Docket No. 242) seeks a trial separate from all her Co-Defendants because she contends that a joint trial will result in prejudicial spillover preventing the jury from separately considering the charges against her. In its Response (Docket No. 274), the Government argues that the Defendants have been properly joined, and that the jury is capable of separately considering the evidence against each Defendant.

Rule 8(b) of the Federal Rules of Civil Procedure provides that "[t]he indictment may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 14 provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice

requires."

"'As a general rule, persons jointly indicted should be tried together.'" United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008)(quoting United States v. Causey, 834 F.2d 1277, 1287 (6th Cir. 1987)). "Courts typically favor the joinder of defendants charged with participating in the same act or series of acts because it is more efficient than conducting separate trials." United States v. Gibbs, 182 F.3d 408, 434 (6th Cir. 1999). See also Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Defendants are not entitled to severance "merely because they may have a better chance of acquittal in separate trials." Zafiro, 113 S.Ct. at 938. Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id.

Courts presume that juries "are capable of sorting out the facts relevant to each individual defendant's case." Gibbs, 182 F.3d at 434. Furthermore, "[e]ven where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Driver, 535 F.3d at 427 (quoting Zafiro, 113 S.Ct. at 938).

The Court concludes that the Defendants have been properly joined, and that appropriate instructions will cure any potential juror confusion resulting from a joint trial. Accordingly, Defendant Angela Whitson's Motion For Severance Of Defendants (Docket No. 242) is DENIED.

Defendant Jessica Parker's Motion For Rule 404(b) Evidence (Docket No. 250) seeks an order requiring the Government to disclose 30 days prior to trial any evidence it intends to offer at trial under Federal Rule of Evidence 404(b). In its Response (Docket No. 281), the

Government indicates that it does not intend to introduce any Rule 404(b) evidence at trial. Accordingly, the Motion is DENIED, as moot. The Defendant may raise any objection based on a lack of notice regarding a specific item of Rule 404(b) evidence at the appropriate time.

Through Defendant Jessica Parker's Motion For Early Disclosure Of All Plea Agreements And All Agreements Not To Prosecute (Docket No. 251), the Defendant requests that the Government unseal and disclose, at least 14 days prior to trial, all plea agreements that it has made in this case. In its Response (Docket No. 278), the Government indicates that it will disclose witness information, including plea agreements, 10 days prior to trial. In light of the Government's response, the Defendant's Motion is DENIED, as moot. To the extent the Defendant determines that the Government has not complied with its disclosure obligations, she may file an appropriate motion.

Defendant Jessica Parker's Motion To Exclude "Other Acts" Evidence (Docket No. 252) seeks to exclude "other acts" evidence regarding any individual who is not on trial, citing Fed. R. Crim. P. 404(b). In its Response (Docket No. 282), the Government indicates that it will provide notice of any evidence it intends to introduce at trial that falls within the parameters of Rule 404(b). The Motion is DENIED. The Court is unable to determine the admissibility of evidence that the Defendant has not yet identified. The Defendant may raise objections to any specific items of evidence, as necessary.

Defendant Jessica Parker's Motion For Early Disclosure Of Impeaching Information (Docket No. 255) seeks an order requiring the Government to disclose, on or before December 15, 2012, the information listed in pages 1-4 of the Motion. In its Response (Docket No. 279), the Government indicates that it will provide witness information, including impeachment

material, 10 days prior to trial. The Motion is DENIED, as moot, based on the Government's response. To the extent the Defendant determines that the Government has not complied with its disclosure obligations, she may file an appropriate motion.

Defendant Jessica Parker's Motion For Additional Peremptory Challenges (Docket No. 253) is RESERVED for discussion at the Pretrial Conference set for December 17, 2012.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE