UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:12-00013 |
| | ) | JUDGE CAMPBELL |
| MANILA VICHITVONGSA, et al. | ) | |

ORDER

Pending before are the following motions filed by Defendant Nickless Whitson. The Court rules on the motions as set forth herein.

Defendant's Motion To Disclose All Plea Agreements And Agreements Not To Prosecute (Docket No. 411) requests that the Government unseal and disclose, on or before June 24, 2013, all plea agreements that it has made in this case, and documentation of plea discussions. In its Response (Docket No. 436), the Government indicates that it will disclose plea agreements 10 days prior to trial. In light of the Government's response, the Defendant's Motion is DENIED, as moot. To the extent the Defendant determines that the Government has not complied with its disclosure obligations, he may file an appropriate motion.

Through his Motion For Disclosure Of Impeaching Information (Docket No. 412), the Defendant requests disclosure of 11 separate categories of information, on or before June 24, 2013, based on Federal Rule of Criminal Procedure 16(a)(1)(E). Defendant's Motion For Production Of *Brady* And *Giglio* Material (Docket No. 415) seeks an order requiring the Government to produce all *Brady/Giglio* material and certification of its review for such material on or before July 16, 2013. In its Response (Docket No. 436), the Government indicates that it is aware of its *Brady* and *Giglio* disclosure obligations, and will make disclosures 10 days prior to trial. The Motion is DENIED, as moot, based on the Government's Response. To the

extent the Defendant determines that the Government has not complied with its disclosure obligations, he may file an appropriate motion.

Defendant's Motion For Disclosure Of Reports Of Examinations And Tests (Docket No. 413) requests disclosure of reports of mental or physical examinations or scientific tests on or before June 24, 2013. In its Response (Docket No. 439), the Government states that it has previously provided the requested reports. Accordingly, the Motion is DENIED, as moot. To the extent the Defendant determines that the Government has not complied with its disclosure obligations, he may file an appropriate motion.

Through the Motion To Disclose Evidence Of Other Crimes, Wrongs, Or Acts (Docket No. 414), the Defendant requests disclosure, on or before June 24, 2013, of any evidence under Federal Rule of Evidence 404(b) that the Government intends to introduce in its case in chief at trial. In its Response (Docket No. 438), the Government indicates that it does not intend to introduce any Rule 404(b) evidence in its case in chief at this time. The Motion is DENIED, as moot. The Defendant may raise any objection based on a lack of notice regarding a specific item of Rule 404(b) evidence at the appropriate time.

Defendant's Motion To Compel Early Production Of Jencks Material (Docket No. 416) seeks to compel the production of Jencks material on or before July 16, 2013. The Motion is DENIED. The Jencks Act, 18 U.S.C. § 3500, provides that the Government is required to provide to the Defendant a statement made by a Government witness only after completion of the direct examination of that witness. See also Fed. R. Crim. P. 26.2; 16(a)(2). In its Response (Docket No. 437), however, the Government has agreed to produce Jencks material ten days in advance of the trial, and the Government will be held to that representation.

Through the Motion To Disclose Expert Witnesses (Docket No. 417), the Defendant requests expert information on or before June 15, 2013. In its Response (Docket No. 440), the Government indicates that it has previously provided scientific or technical reports, and will produce the *curriculum vitae* of TBI Forensic Scientist Shelly Betts in advance of trial. The Government also indicates that it will timely notify the Defendant if it elects to present additional opinion testimony. In light of the Government's response, the Motion is DENIED, as moot. The Defendant may raise any objection based on a lack of notice regarding expert information at the appropriate time.

Through the Motion To Require Disclosure Of Pretrial Identification (Docket No. 420), the Defendant seeks disclosure of any evidence of pretrial identification of the Defendant that the Government intends to introduce into evidence at trial by June 30, 2013. In its Response (Docket No. 445), the Government indicates that it currently does not intend to introduce any evidence of pretrial identification at the trial. In light of the Government's Response, the Motion is DENIED, as moot.

Defendant's Motion To Produce (Docket No. 430) requests disclosure prior to trial of 19 specific items of information based on Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and Federal Rules of Criminal Procedure 12 and 16. In its Response (Docket No. 498), the Government indicates that it is aware of its discovery obligations and has worked with the defense in an attempt to resolve the disclosure requests. In a Reply (Docket No. 503), the Defendant lists various categories of information he contends have not been produced by the Government. The Motion is DENIED, without prejudice to refiling with appropriate citation to legal authority supporting each request.

Defendant's Motion To Disclose Co-Conspirators Statements (Docket No. 431) seeks disclosure of all co-conspirator statements that the Government intends to use at trial on or before June 24, 2013. The Defendant also seeks a pretrial evidentiary hearing to determine the admissibility of co-conspirator statements. In its Response (Docket No. 465), the Government argues that disclosure of the statements is governed by the Jencks Act, and that the Court should make the admissibility determination at trial.

The Motion is DENIED. To the extent the Government intends to call co-conspirators to testify at trial, disclosure of their statements is governed by the Jencks Act, and is subject to the Court's ruling set forth above. With regard to the request for a pretrial hearing on admissibility of the statements, the Court denies the request for the reasons it denied the same request made by certain of the Co-Defendants in this case:

> The Motion is DENIED, as the Court will follow the procedure used by the district court approved in United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979), through which the court admitted the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence. See United States v. Robinson, 390 F.3d 853, 867-68 (6th Cir. 2004)("[W]e have long recognized the trial court's prerogative to conditionally admit co-conspirator statements 'subject to later demonstration of their admissibility by a preponderance of the evidence.'")

(Docket No. 266).

Defendant's Motion To Dismiss Counts One, Two, Five & Six No Violation Of Hobbs Act (Docket No. 424) seeks dismissal of Counts One and Five based on his argument that no violation of the Hobbs Act occurred, and seeks dismissal of Counts Two and Six based on his argument that those Counts are linked to Counts One and Five. In its Response (Docket No. 466), the Government argues that Defendant's argument is not a basis for dismissal of the Counts challenged.

4

In considering motions filed by Co-Defendants raising the same arguments, the Court ruled as follows:

> Pending before the Court are Defendant Angela Whitson's Motion To Dismiss Count 5 For Lack Of Federal Jurisdiction (Docket No. 239), Defendant Manila Vichitvongsa's Motion To Dismiss Counts One And Five And To Require Mandatory Election Of Offenses Between Counts Two And Four And Counts Six And Eight (Docket No. 243), and Defendant Jessica Parker's Motion To Dismiss Count One Of The Indictment (Docket No. 246). The Court held a hearing on the Motions on December 13, 2012.
>
> Rule 12(b) of the Federal Rules of Criminal Procedure provides that any defense which is capable of determination without the trial of the general issue may be raised by motion before trial. In considering a motion made under Rule 12(b), district courts "may ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." United States v. Craft, 105 F.3d 1123, 1126 (6th Cir. 1997). See also United States v. Jones, 542 F.2d 661, 664-65 (6th Cir. 1976); United States v. Short, 671 F.2d 178, 181-83 (6th Cir. 1981).
>
> For the reasons stated on the record at the hearing, Defendant Angela Whitson's Motion To Dismiss Count 5 For Lack Of Federal Jurisdiction (Docket No. 239) and Defendant Jessica Parker's Motion To Dismiss Count One Of The Indictment (Docket No. 246) are DENIED. Defendant Manila Vichitvongsa's Motion To Dismiss Counts One And Five And To Require Mandatory Election Of Offenses Between Counts Two And Four And Counts Six And Eight (Docket No. 243) is DENIED as to the request to dismiss Counts One and Five. See United States v. Robinson, 119 F.3d 1205, 1212 n.4 (5th Cir. 1997)(holding that the commercial nexus element in the Hobbs Act is a substantive element of the crime and not "jurisdictional" in the sense that a failure of proof would divest the federal courts of adjudicatory power over the case), cited with approval in United States v. Martin, 526 F.3d 926, 933 (6th Cir. 2008).

(Docket No. 295, at 1-2).

As the Court ruled previously, Defendant's argument that the Government cannot prove the interstate commerce element of the crimes charged is not an appropriate basis for dismissal of those counts of the Indictment prior to trial. Accordingly, the Motion To Dismiss is DENIED. Defendant may renew this argument at the appropriate time during the trial.

Defendant's Motion To Sever Counts (Docket No. 426) requests that the Court sever Counts One through Four from Counts Five through Eight for separate trial. In his Motion and Reply brief (Docket No. 489), Defendant argues that severance is appropriate because: (1) Counts One through Four were misjoined with Counts Five through Eight; (2) a joint trial of all counts will result in prejudice to the Defendant as he may have inconsistent defenses to the various charges; and (3) the Defendant requires the testimony of Co-Defendant Angela Whitson, which cannot be obtained absent severance. In its Response (Docket No. 469), the Government argues that severance is not appropriate.

Counts One through Four of the Indictment relate to a home invasion that occurred on June 10, 2011. (Docket No. 78). Count One charges a conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951; Count Two charges the use, carry and brandishing of firearms in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); Count Three charges a drug conspiracy (cocaine), in violation of 21 U.S.C. § 846; and Count Four charges the use, carry and brandishing of firearms in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Id.)

Counts Five through Eight relate to a home invasion that occurred on June 27, 2011. (Id.) Count Five charges a conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951; Count Six charges the use, carry, brandishing and discharge of firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); Count Seven charges a drug conspiracy (marijuana), in violation of 21 U.S.C. § 846; and Count Eight charges the use, carry, brandishing and discharge of firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Id.)

The Defendant's first argument in support of severance is that Counts One through Four were improperly joined with Counts Five through Eight. Rule 8(a) provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

According to the Defendants, the alleged robberies occurred in different counties at different times, and there is no relationship between the robbery victims or the types of controlled substances sought. On the other hand, the Government argues that the charges are all weapons-related offenses, and they are all alleged to have taken place within a short time period.

The Defendant cites United States v. Chavis, 296 F.3d 450, 456-64 (6th Cir. 2002), to support his argument. In Chavis, the court held that joinder was improper where a June 1999 cocaine possession charge was not part of the "same act or transaction" as a September 1997 purchase of a handgun charge for purposes of Rule 8(a). Id. The court went on to find, however, that the error was harmless. Id. In reaching its decision, the court stated that the propriety of joinder under Rule 8(a) is "determined by the allegations on the face of the indictment." Id., at 456. See also United States v. Locklear, 631 F.3d 364, 368-69 (6th Cir. 2011).

Applying Chavis, the Court concludes that the allegations on the face of the Indictment indicate that the various counts are of the same or similar character, and/or appear to be connected with a common scheme or plan. The two home invasions allegedly occurred within the same month, and both allegedly involved five of the eight Co-Defendants. Both home invasions allegedly involved the use of firearms, and both allegedly sought the theft of drugs. Under these circumstances, the Court is persuaded that joinder of the various counts was proper

7

under Rule 8(a).

Even if joinder of the counts was proper under Rule 8(a), the Defendant argues that the Court should sever the offenses under Fed. R. Crim. P. 14 because a joint trial of all the charges would be prejudicial to him. Rule 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The court is to grant a severance under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). "Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008) (quoting Zafiro, 506 U.S. at 539)). Thus, in order to prevail on a motion for severance, a defendant must show "compelling, specific, and actual prejudice" as a result of the court's refusal to grant a severance. Driver, 535 F.3d at 427. See also United States v. Deitz, 577 F.3d 672, 693-94 (6th Cir. 2009)(Defendant has "heavy burden" of demonstrating compelling prejudice from joinder of firearms and drug offenses).

The Defendant argues that he will be prejudiced by a joint trial because the various conspiracy charges will be confusing to the jury, and that one of the alleged home invasions will involve expert testimony. The Court is not persuaded that the Defendant has demonstrated compelling, specific and actual prejudice will result from a joint trial that cannot be cured with appropriate limiting instructions regarding the consideration of particular items of evidence and

8

regarding separate consideration of each count.

The Defendant also argues that he has a potential alibi defense relating to the first alleged home invasion that would require the testimony of Co-Defendant Angela Whitson, who is not charged in the first alleged home invasion.

When a defendant contends that separate trials are necessary for a co-defendant to present exculpatory testimony, he is required to "set forth before the trial judge the substance of the proposed testimony and its exculpatory effect and to demonstrate that the codefendants would in fact testify at a severed trial." United States v. Cobleigh, 75 F.3d 242, 248 (6th Cir. 1996)(citing United States v. Causey, 834 F.2d 1277, 1287 (6th Cir. 1987)). The defendant must demonstrate: "(1) a *bona fide* need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed." United States v. Ross, 339 F.3d 483, 493 (6th Cir. 2003).

The Defendant has filed Co-Defendant Angela Whitson's affidavit, in which she states: "On June 10, 2011 I worked at Arby's from 11:00 a.m. until after 8:00 p.m. On that day Nickless drove me to work and picked me up." (Docket No. 434-1).

The parties have not provided the Court with any information relating to the time of the alleged home invasion, or other information that would enable the Court to determine the exculpatory nature of this potential testimony. Under these circumstances, the Defendant has not met his burden of demonstrating that severance is necessary.

In a later sealed filing (Docket No. 488), the Defendant presents another argument as to why severance is necessary. As to this under seal argument, the Court is not persuaded that the Defendant has demonstrated compelling, specific and actual prejudice will result from a joint

trial that cannot be cured with appropriate limiting instructions regarding separate consideration of each count.

It is so ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE