UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:12-00013 |
| | ) | JUDGE CAMPBELL |
| MANILA VICHITVONGSA, et al. | ) | |

ORDER

Pending before the Court are the following motions filed by previous counsel for Defendant Vichitvongsa: Motion *In Limine* To Exclude Evidence Of Prior Arrests And Convictions (Docket No. 302); First Motion *In Limine* To Exclude Evidence Of Past Or Present Gang Membership (Docket No. 303); Joint Motion In Limine For Additional Peremptory Challenges (Docket No. 306); and Motion To Exclude Government Expert Reports And, In The Alternative, Request For Daubert Hearing (Docket No. 307). Defendant's current counsel has filed a Notice Of Intent (Docket No. 506) indicating that the Defendant adopts the Motion *In Limine* To Exclude Evidence Of Prior Arrests And Convictions (Docket No. 302); First Motion *In Limine* To Exclude Evidence Of Past Or Present Gang Membership (Docket No. 303); and Motion To Exclude Government Expert Reports And, In The Alternative, Request For Daubert Hearing (Docket No. 307).

Through the Motion *In Limine* To Exclude Evidence Of Prior Arrests And Convictions (Docket No. 302), the Defendant seeks to exclude all of his prior arrests, juvenile convictions and adult convictions from admission at the trial. In its Response (Docket No. 346), the Government indicates that if the Defendant elects to testify at trial, it will seek to impeach him, pursuant to Fed. R. Evid. 609, with his December 2008 conviction for aggravated burglary in Davidson County, Tennessee; and his October 2012 federal conviction for being a felon in

possession of a firearm. The parties dispute whether the convictions are more prejudicial than probative under Fed. R. Evid. 609(a)(1). This Motion is RESERVED for decision and will be ruled upon if Defendant Vichitvongsa exercises his right to testify at trial.

Through the First Motion *In Limine* To Exclude Evidence Of Past Or Present Gang Membership (Docket No. 303), the Defendant seeks to prohibit the Government from introducing any evidence of the Defendant's past or current gang membership. In its Response (Docket No. 347), the Government indicates that it does not intend to introduce evidence of gang membership in its case-in-chief, and does not otherwise intend to introduce such evidence unless the Defendant opens the door to such evidence. The Motion is DENIED as moot, based on the Government's response. The Government shall provide notice to the Court and the Defendant prior to the introduction of such evidence at trial.

Through the Motion To Exclude Government Expert Reports And, In The Alternative, Request For Daubert Hearing (Docket No. 307), the Defendant seeks to exclude the Government's expert reports on ballistics, serology, and shoe print identification, and requests a hearing to determine the admissibility of such evidence based on *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). In its Response (Docket No. 355), the Government indicates that it does not intend to introduce the serology or shoe print identification expert reports in its case-in-chief absent additional comparison testing. Accordingly, the request to exclude the serology and shoe print identification expert reports is DENIED as moot, based on the Government's response. The Government shall provide notice to the Court and the Defendant prior to the introduction of such evidence at trial.

As for the ballistics expert report, prepared by TBI Scientist Shelly Betts, the

Government indicates that it intends to introduce the report in is case-in-chief through the testimony of a qualified opinion witness. The Government argues that the evidence is admissible, and that a pre-trial hearing to determine admissibility is unnecessary.

The Court notes that the use of ballistics experts linking spent bullets and cartridge casings to particular firearms has been upheld to *Daubert* challenges. *See, e.g., United States v. Williams*, 506 F.3d 151, 157-62 (2nd Cir. 2007). This Motion is RESERVED pending trial. The Defendant shall raise any objection to the qualifications and foundation for the offered testimony when the expert is offered by the Government, and if requested and necessary, the Court will hold a jury-out hearing to determine admissibility.

As to the Defendant's contention that he should be provided access to the data underlying the testing, the Government indicates that it has been willing to coordinate such testing and will work with the defense to accommodate the request. The parties shall file a Notice with the Court on or before August 12, 2013 indicating whether they have been able to coordinate the testing requested by the Defendant.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE