UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:12-00013 |
| | ) | JUDGE CAMPBELL |
| MANILA VICHITVONGSA, et al. | ) | |

ORDER

The Court held a Pretrial Conference in this case on April 18, 2014. At the Pretrial Conference, the parties discussed Defendant Nickless Whitson's Motion To Dismiss Counts Two, Four, Six, and Eight (Docket No. 615), and filed post-hearing briefs (Docket Nos. 633, 635) on the Motion. For the reasons stated herein, the Motion is DENIED.

Through the Motion, the Defendant seeks to dismiss Counts Two, Four, Six, and Eight of the Indictment (the firearm counts), as duplicative on the following grounds: (1) the counts charge "using," "carrying," "brandishing," and "discharging" firearms during and in relation to the predicate crime; (2) in addition to the substantive crime, the counts also charge aiding and abetting; and (3) the counts do not identify the "firearms" allegedly used. As an alternative to dismissal, the Defendant requests that the Court order the Government to "elect" one charge such that he would be charged only with his own conduct, not that involving other individuals.

Count Two of the Indictment charges Defendants Manila Vichitvongsa, Nickless Whitson, Jatavius Sanders, and Sithana Keonoi with using, carrying, and brandishing firearms during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A). (Docket No. 78). Count Four charges Defendants Manila Vichitvongsa, Nickless Whitson, Jatavius Sanders, and Sithana Keonoi with using, carrying, and brandishing firearms during and in relation to a drug trafficking crime, in violation of Title 18, United States Code,

Section 924(c)(1)(A). (Id.)  Count Six charges Defendants Manila Vichitvongsa, Nickless Whitson, Jatavius Sanders, and Sithana Keonoi with using, carrying, brandishing, and discharging firearms during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A). (Id.)  Count Eight charges Defendant's Manila Vichitvongsa, Nickless Whitson, Jatavius Sanders, and Sithana Keonoi with using, carrying, brandishing, and discharging firearms during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A). (Id.)

>Section 924(c) provides, in pertinent part, as follows:
>
>(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
>>(i) be sentenced to a term of imprisonment of not less than 5 years;
>>
>>(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>>
>>(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

The Sixth Circuit has explained that an indictment is duplicitous if it "'joins in a single count two or more distinct and separate offenses.'" United States v. Campbell, 279 F.3d 392, 398 (6th Cir. 2002)(quoting United States v. Shumpert Hood, 210 F.3d 660, 662 (6th Cir. 2000)).  The concern with a duplicitous count is that "a 'jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense.'" Id.  Charging

2

multiple offenses in a single count "'prevent[s] the jury from convicting on one offense and acquitting on another.'" Id.

Counts Two, Four, Six and Eight of the Indictment charge that the Defendants "used or carried" a firearm "during and in relation to" the predicate crime. The Defendant contends that the "use" and "carry" allegations charge two separate crimes.  The Sixth Circuit has held, however, that the terms "use and carry" in this context provide "two alternative methods of committing the same offense." United States v. Kuehne, 547 F.3d 667, 684-85 (6th Cir. 2008). Consequently, these allegations do not charge more than one crime.

Similarly, the inclusion of the allegations regarding "brandishing" and "discharging" does not render the firearm counts duplicitous. The crime charged in the firearm counts is using or carrying a firearm during and in relation to the predicate crime. See Campbell, 279 F.3d at 398 (Count alleging conspiracy to distribute two different drugs did not render the indictment duplicitous because "conspiracy is itself the crime.")  Much like allegations regarding drug quantities, the allegations relating to "brandishing" and "discharging" provide notice to the Defendant that the Government intends to seek application of a statutory mandatory minimum sentence. (See Sixth Circuit Pattern Criminal Jury Instructions, §§ 14.07A, 14.07B).  In that regard, the Court intends to comply with the Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013) by requiring a specific jury finding as to each allegation regarding "brandishing" and "discharging."

Defendant's duplicity argument regarding aiding and abetting is also unpersuasive.  The Sixth Circuit has held that "[a]iding and abetting is a theory of liability embodied in every federal indictment, whether or not specifically charged" and "is not a distinct substantive crime."

3

United States v. Perry, 401 Fed. Appx. 56, 61 (6th Cir. Nov. 4, 2010). Furthermore, "[s]ince the criminal liability for principals and aiders and abettors is identical, *see* 18 U.S.C. § 2, there is no requirement that a jury unanimously find each was either a principal or an aider and abettor." Id., at 62.

As for the Defendant's argument regarding the failure to specify a firearm in the firearm counts, courts have held that the particular firearm that is the subject of a Section 924(c) violation is not an element of the crime, but is instead a means used to satisfy the element of "a firearm." United States v. Hartz, 458 F.3d 1011, 1021-23 (9th Cir. 2006)(Description of firearms in indictment was "surplusage," rather than an element of the Section 924(c) charge); United States v. Drayton, 2002 WL 31518834 (4th Cir. Nov. 7, 2002)(Juror unanimity is not required regarding specific firearm involved in Section 924(c) charge); United States v. Verrecchia, 196 F.3d 294, 298-301 (1st Cir. 1999); United States v. Hernandez-Albino, 177 F.3d 33, 40 (1st Cir. 1999)(Jury need not reach unanimous agreement on the identity of the weapon when the defendant is charged with violation Section 924(c) by carrying more than one firearm and none of the weapons charged justifies more than the statutory minimum sentence); United States v. Redd, 161 F.3d 793, 796-97 (4th Cir. 1998)(Defendant had sufficient notice of Section 924(c) charge even though indictment referred to "black revolver" and proof involved silver firearm because "the type of firearm is not an essential element of the crime charged."). See also United States v. DeJohn, 368 F.3d 533, 540-42 (6th Cir. 2004)(Sixth Circuit cites Verrecchia and Drayton in holding that the particular firearm possessed is not an element of the crime of felon in possession of a firearm under Section 922(g), but instead is the means used to satisfy the element of "any firearm.") Consequently, the failure of the firearm counts to allege a particular firearm is

not a basis for dismissal of the counts.

Finally, the Defendant suggests that because the firearm counts use the conjunctive "and," the Government must prove "use" *and* "carry" *and* "brandishing" *and* "discharging" (where alleged). The Sixth Circuit has clearly rejected such an argument: "'[A]n indictment count that alleges in the conjunctive a number of means of committing a crime can support a conviction if any of the alleged means are proved.'" United States v. Donnie Jones, 533 Fed. Appx 562, 572 (6th Cir. Aug. 12, 2013)(quoting United States v. Hathaway, 798 F.2d 902, 913 (6th Cir. 1986)).

It is so ORDERED.

                                            */s/ Todd Campbell*
                                            TODD J. CAMPBELL
                                            UNITED STATES DISTRICT JUDGE