UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA          )
                                  )
v.                                )          No. 3:12-00013
                                  )          JUDGE CAMPBELL
MANILA VICHITVONGSA, et al.       )

## ORDER

Pending before the Court are Defendant Vichitvongsa's Second Motion for Disclosure Of Agent's Rough Notes And Grand Jury Transcripts (Docket No. 656), and Memorandum In Support (Docket No. 657). The Government has filed a Response (Docket No. 673) in opposition. For the reasons set forth herein, the Motion is DENIED.

Through the pending Motion, Defendant Vichitvongsa requests that the Court order the Government to immediately disclose the rough notes taken by Agent Shawn Morrow during his interviews of witnesses in this case. The Defendant contends that Agent Morrow is the lead case agent in this matter, and that he conducted most of the key witness interviews. According to the Defendant, Agent Morrow will be called as a witness at trial by Co-Defendant Nickless Whitson, but not by the Government.

To support his request, Defendant Vichitvongsa relies on the Jencks Act, 18 U.S.C. § 3500, which provides in pertinent part as follows:

> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C.A. § 3500.  See also Fed.R.Crim.P. 26.2.  Subsection (e) of the Jencks Act defines

"statement" as:

> (1) a written statement made by said witness and signed or otherwise adopted or
> proved by him; (2) a stenographic, mechanical, electrical, or other recording, or a
> transcription thereof, which is a substantially verbatim recital of an oral statement
> made by said witness and recorded contemporaneously with the making of such
> oral statement; or (3) a statement, however taken or recorded, or a transcription
> thereof, if any, made by said witness to a grand jury.

Under the "adoption test" followed by the Sixth Circuit, the notes taken during a witness

interview must be produced "'if the notes from the interview were read back to and verified by

the witness and if the report summarized the notes without material variation.'" U.S. v. Williams,

962 F.2d 1218, 1224 (6th Cir. 1992).  When this test is not met, courts do not require the

production of rough notes under the Jencks Act. Id.; United States v. Conteh, 234 Fed. Appx.

374, 390 (6th Cir. April 25, 2007).

The Government indicates that Agent Morrow's investigative reports have been provided

to the Defendants, but that his rough notes were not provided because they were not presented to

the witnesses for adoption and do not otherwise qualify as "statements" under the Jencks Act.

The Defendant has not provided any evidence, at this stage of the proceeding, that the witnesses

to be called by the Government "adopted" the rough notes of Agent Morrow.

The Defendant contends that Agent Morrow's rough notes are "statements" of the

witnesses, however, because, as a federal agent, there should be no concern that the notes are an

accurate transcription of what the witnesses said. To support his argument that he is entitled to

the rough notes, the Defendant cites Campbell v. United States, 365 U.S. 85, 81 S.Ct. 421, 5

L.Ed.2d 428 (1961), and United States v. Lonardo, 350 F.2d 523 (6th Cir. 1965).

In Campbell, a witness called by the government testified that an agent had recorded his

2

statement in writing, and that the witness had adopted the statement as his own. 365 U.S. at 89-90. The prosecutor stated that he was unaware of such a statement, but provided an interview report to the court for *in camera* inspection. Id. The court held a hearing, but did not require the agent who prepared the report to testify. Id., at 94-95. The Supreme Court held that the failure to require the agent's testimony at the hearing was error. Id., at 96-98.

In Lonardo, the court held that a stenographer's transcription of an interview with government witnesses was a "statement" of those witnesses under the Jencks Act, and the transcription should not have been destroyed by the prosecutor. 350 F.2d at 526-529. The appropriate remedy, the court held, was the declaration of a mistrial. Id.

These cases are distinguishable as the Defendant has provided no evidence, to this point, that a government witness to be called in this case has adopted any interview notes of Agent Morrow, or that Agent Morrow's interview of any witness was transcribed by a stenographer. To the extent the Defendant argues that Agent Morrow's rough notes are "statements" of Agent Morrow, he has produced no evidence or authority, to this point, to support that assertion. Thus, the request for immediate disclosure of Agent Morrow's rough notes is denied.

Citing United States v. Chitwood, 457 F.2d 676 (6th Cir. 1972), the Defendant alternatively argues that the Court is required to immediately conduct an evidentiary hearing to determine whether the rough notes constitute "statements" under the Jencks Act. In Chitwood, the Sixth Circuit stated that "[a] defense motion for production of Jencks material imposes on the trial judge an affirmative duty to conduct a non-adversary hearing, out of the presence of the jury, to ascertain whether documents in the possession of the Government are Jencks Act 'statements.'" 457 F.2d at 678. Chitwood made clear, however, that any hearing requirement

occurs when the obligation under the Jencks Act is triggered – after a government witness has testified on direct examination at trial.  It does not support Defendant's request for a *pre-trial* hearing.

In a case decided after <u>Chitwood</u>, the Supreme Court elaborated on the duty of the trial court regarding disputes under the Jencks Act. In <u>Goldberg v. United States</u>, 425 U.S. 94, 108, 96 S.Ct. 1338, 47 L.Ed.2d 603 (1976), the Court explained that, if the government objects to production of an alleged statement under the Jencks Act, after the obligation for production has been triggered at trial, the trial court may be required to "inspect documents or hold a hearing to gather extrinsic evidence bearing on the extent to which the documents are statements producible under § 3500."  The Court went on to find that the testimony of the government's witness in that case "raised a sufficient question" under the Jencks Act to require the trial court to "conduct some inquiry into the circumstances of the witness' interview. . . " 425 U.S. at 109.  This Court will follow the procedure set out in <u>Goldberg</u> and other applicable authority for resolving Jencks Act disputes at the trial in this case. The Defendant's request for an immediate hearing on his request for rough notes is denied.

The Defendant also relies on the Jencks Act in requesting Agent Morrow's grand jury testimony.  The Defendant argues that even though the Government does not intend to call Agent Morrow as a witness at trial, it is obligated to provide his prior testimony because he is to be called as a witness by Co-Defendant Nickless Whitson, and Jencks Act obligations are "reciprocal."  To support his argument, the Defendant cites <u>United States v. Nobles</u>, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).  In <u>Nobles</u>, the defendant attempted to impeach the credibility of two government witnesses with the testimony of a defense investigator who had

conducted pretrial interviews of the witnesses and had written a report of the interviews. 95 S.Ct. at 2164-66. The trial court ordered the defendant to disclose an edited copy of the investigator's written report to the government for use in cross examining the investigator. Id. When the defendant refused to disclose the report, the trial court barred the investigator from testifying about the interviews. Id. The Supreme Court upheld the decision of the trial court, relying on the inherent power of the court to facilitate full disclosure of all relevant facts. Id., at 2167.

The plain language of the Jencks Act indicates that its disclosure obligations apply only to statements of witnesses called by the Government. Because the Government does not intend to call Agent Morrow as a witness at trial, it is not required to produce his grand jury testimony. As to the disclosure obligations of Co-Defendant Nickless Whitson, neither the Jencks Act, nor the decision in Nobles, places an obligation on one defendant to provide another defendant with the prior testimony of a witness he intends to call at trial. To the extent Rule 26.2 imposes disclosure obligations on Co-Defendant Nickless Whitson, those obligations are not triggered until the Co-Defendant has completed his direct examination of Agent Morrow at trial.[1] Accordingly, the Defendant's request for immediate disclosure of Agent Morrow's grand jury testimony is denied.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[1]The Government indicates in its Response (Docket No. 673, at footnote 1) that it may also have *Touhy* objections relating to the production of Agent Morrow's grand jury testimony.