IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:12-00013 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| MANILA VICHITVONGSA | ) | |

## ORDER

Before the Court is Defendant Manila Vichitvongsa's Pro Se Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 1230). The United States filed a response in opposition. (Doc. Nos. 1250). Vichitvongsa filed a reply. (Doc. No. 1256). For the reasons stated below, Defendant's motion (Doc. No. 1230) is **DENIED**.

### I. BACKGROUND

Vichitvongsa is currently serving a 360-month sentence which stems from his convictions for two counts to commit Hobbs Act Robbery and two counts of Conspiracy to Possess with Intent to Distribute Controlled Substances.[1] His expected release date is December 3, 2041. *See* www.bop.gov/inmateloc/ (last visited Dec. 11, 2023).

As grounds for a reduction in sentence, Vichitvongsa asserts his medical conditions – hypertension and "a slight ST elevation level" – place him at increased risk of severe illness from COVID-19. He requested a reduction in sentence from the Warden of his facility, which was denied. (*See* Doc. No. 1230 at PageID# 5898).

### II. STANDARD OF REVIEW

In December 2018, Congress passed the First Step Act, Section 603 of which transformed the process for compassionate release under § 3582(c)(1)(A) to allow prisoners to directly petition

---

[1] The Sixth Circuit Court of Appeals recently affirmed this sentence. (*See* Doc. No. 1237).

courts. Until this amendment, compassionate release motions could only be brought by the Director or the Bureau of Prisons, an option that was infrequently exercised. The compassionate release statute now states in relevant part:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction…
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).

The requirement that a prisoner exhaust administrative rights to appeal or wait 30 days after the first request to the prison is a mandatory claims processing rule. *U.S. v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). The Sixth Circuit has considered the exhaustion requirement in the context of the unique circumstances presented by the COVID-19 pandemic and concluded that it "operates as an 'unyielding procedural requirement[]'" and is not subject to equitable exceptions. *Id*. at 834. If a prisoner files an untimely motion for compassionate release, the Court should dismiss the motion without prejudice. *Id*.

The Sixth Circuit has instructed that the statute requires the Court to make three findings. *United States v. McCall*, 56 F.4th 1048, 1053-54 (6th Cir. 2022). First, that "extraordinary and compelling reasons warrant" a sentence reduction. *Id*. (citing 18 U.S.C. § 3582(c)). Second, the

2

"reduction is consistent with applicable policy statements issued by the Sentencing Commission …" *Id*. (citing 18 U.S.C. § 3582(c)(1)(A)). Third, the Court must find that the Section 3553(a) factors support a lower sentence. *Id*.

Until recently, the Sentencing Commission had not adopted any policy statements applicable to a motion for compassionate release filed by a defendant. *Id*. at 1054 (citing *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022)). In practice this meant the Court only considered "whether extraordinary and compelling reasons exist and whether the § 3553(a) factors support a sentence reduction." *Id*. (citing *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020)).

Recently however, the United States Sentencing Commission issued a revised policy statement that covers compassionate release motions filed by defendants. U.S.S.G. § 1B1.13(b)(1)-(6) (effective Nov. 1, 2023). The revised policy statement identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence. These are: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction of, a correctional officer; (5) the defendant received an unusually long sentence; and (6) "any other circumstances or combination of circumstances" of "similar gravity." *Id*.

If the Court finds extraordinary and compelling reasons for a sentence reduction and that a reduction in sentence is consistent with applicable policy statements issued by the Sentencing Commission, it then proceeds to consider whether the Section 3553(a) factors support a lower sentence and, if so, what that sentence should be. Section 3553(a) requires the Court to "impose

3

a sentence sufficient, but not greater than necessary" to comply with a number of factors including: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; the applicable Sentencing Guideline range; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

### III. ANALYSIS

Vichitvongsa's medical conditions and the COVID-19 pandemic do not constitute extraordinary and compelling circumstances warranting a reduction in sentence. In the early days of the pandemic, prior to the widespread availability of the COVID vaccine, risks associated with COVID-19 were frequently found to constitute extraordinary and compelling circumstances, particularly for those with underlying heath conditions that increased the risk of serious illness or death. This is no longer the case. With "vaccinations [widely] available to federal prisoners," absent extenuating circumstances, the risk of contracting COVID-19 is generally not an extraordinary and compelling reason justifying relief. *McCall*, 56 F.4th at 1065 (citing *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022)); *see also*, *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (despite hypothyroidism, vaccines rendered COVID neither compelling nor extraordinary); *United States v. Kennedy*, 2022 WL 43187, at *2 (6th Cir. Jan. 5, 2022) (vaccine rendered COVID insufficient to satisfy statute where defendant had "chronic obstructive pulmonary disease ('COPD'), sleep apnea, hypertension, thyroid issues, hepatitis c, and borderline diabetes"); *United States v. Fowler*, 2022 WL 35591 at *1-2 (6th Cir. Jan. 4, 2022)

4

(vaccine rendered COVID insufficient to satisfy statute where defendant was "overweight, ... [had] high blood pressure and kidney problems, and had a previous gunshot wound to his right lung, among other medical issues").

The Court notes that the newly revised policy statement addresses medical circumstances of the Defendant that may constitute extraordinary and compelling circumstances warranting a reduction in sentence. As relevant here, these include when the defendant is "housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority." U.S.S.G. § 1B1.13(b)(1)(D).

Currently there is no declaration of ongoing public health emergency and there are no COVID cases at McCreary USP, where Vichitvongsa is currently incarcerated. *See https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp* (last visited December 11, 2023). Moreover, Vichitvongsa has been vaccinated against COVID-19. (*See* Sealed Doc. No. 1249). Under circumstances presented here, COVID-19 does not provide an extraordinary and compelling reason for compassionate release.

Because there are no extraordinary and compelling reasons for a reduction in sentence, the Court will not separately address whether the sentencing factors under 18 U.S.C. § 3553(a) support a sentence reduction.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 1230) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE